Dear Tempore Taylor:
¶ 0 This Office has received your request for an Official Attorney General Opinion in which you ask the following question:
 To the extent community-based membership is authorized by federal laws and regulations for federal credit unions doing business in the State of Oklahoma, does 6 O.S. 2023 (1991) of the Oklahoma Credit Union Act authorize the same type of community-based membership for Oklahoma state chartered credit unions?
¶ 1 Credit unions are cooperative non-profit financial institutions created for the purpose of promoting thrift among their members and providing a source of credit for members at legitimate rates of interest. See 6 O.S. 2001 (1991). Credit unions are either federally or state chartered. Federal credit unions are governed by the National Credit Union Administration Board. State credit unions are governed by the Oklahoma Credit Union Board ("State Board"). See 6 O.S. 2001.2 (1991).
¶ 2 Eligibility for membership in both federal and state credit unions is limited. Federal law generally restricts membership in federal credit unions as follows:
(a) In general
 Subject to subsection (b), Federal credit union membership shall consist of the incorporators and such other persons and incorporated and unincorporated organizations, to the extent permitted by rules and regulations prescribed by the Board, as may be elected to membership and as such shall each, subscribe to at least one share of its stock and pay the initial installment thereon and a uniform entrance fee if required by the board of directors. . . .
(b) Membership field
 Subject to the other provisions of this section, the membership of any Federal credit union shall be limited to the membership described in one of the following categories:
 (1) Single common-bond credit union
 One group that has a common bond of occupation or association.
 (2) Multiple common-bond credit union
More than one group
 (A) each of which has (within the group) a common bond of occupation or association; and
 (B) the number of members, each of which (at the time the group is first included within the field of membership of a credit union described in this paragraph) does not exceed any numerical limitation applicable under subsection (d).
 (3) Community credit union
 Persons or organizations within a well-defined local community, neighborhood, or rural district.
12 U.S.C.A. 1759 (West Supp. 1999) (emphasis added).
¶ 3 Oklahoma law also restricts membership in state credit unions.
 Credit union membership shall consist of the incorporators, and such other persons and incorporated and unincorporated organizations, as may be elected to membership and, as such, shall each subscribe to at least one share of its stock and pay the entrance fee; except that credit union membership shall be limited to groups having a common bond of occupation or association.
6 O.S. 2007 (1991) (emphasis added).
¶ 4 Thus, under both federal and state law, credit union membership is limited to groups possessing a "common bond" of occupation or association. Federal law also recognizes "community based" membership. You have asked whether the provisions of 6 O.S. 2023 (1991) authorize the same type of community-based membership for Oklahoma state chartered credit unions as is available to federally chartered credit unions. Section 6 O.S. 2023 of Title 6 provides:
 A credit union chartered under the laws of the State of Oklahoma, the member accounts of which are insured under Title II of the Federal Credit Union Act, may exercise any of the powers of a federally chartered credit union doing business in this state,
until otherwise provided by the Legislature; and provided that the State Credit Union Board may by rule prohibit the exercise of any such power if the Board finds that the exercise thereof will not serve the public convenience and advantage and will not equalize and maintain the quality of competition between state and federal credit unions.
(Emphasis added).
¶ 5 The above statute authorizes state credit unions to "exercise any power" which a federal credit union doing business in Oklahoma may exercise, until provided otherwise by the Legislature or the State Board. There is a legislative intent to place state and federally chartered credit unions on an equal competitive frame.
¶ 6 The authority of state chartered credit unions to exercise the same powers as federal credit unions under 6 O.S. 2023 (1991) is limited in two ways: (1) If otherwise provided by the Legislature; and (2) If the state credit union board prohibits it by rule. Pursuant to the first limitation listed, 6 O.S. 2007 (1991) limits credit union membership to "groups having a common bond of occupation or association." Section 109 ofthe Federal Credit Union Act (12 U.S.C.A. 1759), expressly authorizes and provides for three different types of membership for federal credit unions: (1) single common bond membership (either occupational or associational); (2) multiple common bond; and (3) community-based membership (persons or groups within a well-defined local community, neighborhood or rural district). To date, community based membership has not been recognized for state chartered credit unions.
¶ 7 The method by which state credit unions may expand their membership base is not specifically set forth in any statute. The legal basis for adopting the federal standard for expanded membership would be the "wild card" statute, 6 O.S. 2023 (1991). Federal credit unions doing business in the state are permitted to have community-based membership. While the stated policy of Section 6 O.S. 2023 is to "equalize and maintain the quality ofcompetition between state and federal credit unions," (emphasis added), one cannot say that the wild card statute (6 O.S. 2023 (1991)), in the name of equal competition, would allow community based membership. The statute simply provides a directive that permits state credit unions to exercise the powers that federal credit unions are authorized to exercise. Exercise of power would include methods of conducting business but would not include expansion of membership eligibility beyond that specifically provided for in 6 O.S. 2007 (1991).
¶ 8 It is, therefore, the Official Opinion of the AttorneyGeneral that:
 Section 6 O.S. 2023 of Title 6 of the Oklahoma Statutes, which provides that a credit union chartered under the laws of the State of Oklahoma may exercise any of the powers of a federally chartered credit union doing business in the state, does not authorize the same type of community-based membership for state chartered credit unions that is available under federal law for federal credit unions.
 W.A. DREW EDMONSON ATTORNEY GENERAL OF OKLAHOMA
 DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL